http://www.va.gov/vetapp16/Files4/1630407.txt

Citation Nr: 1630407 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 14-00 674 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado

THE ISSUE

Entitlement to an initial rating in excess of 10 percent for Wolff-Parkinson White-syndrome.

REPRESENTATION

Appellant represented by: Colorado Division of Veterans Affairs

ATTORNEY FOR THE BOARD

H. Yoo, Counsel

INTRODUCTION

The Veteran served on active duty from September 1971 to September 1974.
 
This matter comes before the Board of Veterans Appeals (Board) on appeal from a rating decision issued in April 2013 by the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado, that granted the claim for service connection and assigned a 10 percent disability rating, effective July 27, 2012. The Veteran disagreed with the assigned rating.

This appeal was processed using the Virtual VA and Veterans Benefits Management System paperless claims processing systems. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of these electronic records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required on his part.

REMAND

Pursuant to 38 C.F.R. § 20.700 (2014), a hearing on appeal will be granted to an appellant who requests a hearing and is willing to appear in person. See also 38 U.S.C.A. § 7107 (West 2014) and 38 C.F.R. §§ 20.703, 20.704 (2015) (pertaining specifically to hearings before the Board). The Veteran has indicated on his Substantive Appeal that he would like to testify before the Board via live videoconference regarding this claim. 

The Veteran was previously unable to appear for his initially scheduled April 2016 Board hearing and therefore, requested to reschedule his hearing. Therefore, VA rescheduled the Veteran's hearing to July 2016 and mailed the Veteran a notification letter in June 2016. The notice was sent to an address on E. Prospect Road, as provided by the Veteran's representative in the April 2016 statement requesting to reschedule the initially scheduled Board hearing. However, this mail was returned to the RO as "Insufficient Address Unable to Forward." VA made a second attempt in July 2016 which was again returned to the RO as "Return to Sender Unable to Forward." 

Subsequently the Veteran failed to report to his July 2016 Board hearing. The Board finds that there is no indication that he no longer wishes to appear in a hearing before the Board. In addition, as the appeal has returned to the Board, it is noted that there is nothing of record to indicate the Veteran was notified of his hearing. The record does show that the Veteran did not appear at the July 2016 hearing, but nothing within the record shows that notice of the date and time of this hearing was actually delivered to the Veteran. 

The Board notes that the Veterans Appeals Control and Locator System lists a P.O. Box, as the Veteran's current address of record. It is unclear to the Board which address is the Veteran's most current address; however, in any event, it is clear that the most recent RO hearing notification letters did to reach the Veteran. As such, a remand is necessary so that he may receive proper notice and be scheduled for a Board hearing according to due process. See 38 C.F.R. §§ 19.9, 20.700(a), 20.704 (2015).

Accordingly, the case is REMANDED for the following action:

1. Take affirmative action to verify the Veteran's current address, including obtaining the assistance of the Veteran's representative, attempting to contact the Veteran at the telephone number listed by him on his April 5, 2016, Statement in Support of Claim and using any publicly available information sources. Document all action taken in the claims file. 

2. After verification of the Veteran's current address and contact information, schedule the Veteran for a hearing before a Veterans Law Judge via videoconference, and notify him of the scheduled hearing at his current address, in accordance with the procedures set forth at 38 C.F.R. § 20.704(a). Appropriate notification should be given to the Veteran and his representative, and such notification should be documented and associated with the claims folder. After the hearing has been held, or if the Veteran cancels the hearing or fails to report, the case should be returned to the Board for further appellate review, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).